# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. OSCAR REYES MALDONADO<br><br>Plaintiff<br><br>Vs.<br><br>LifeSpan Edge Corp; John Doe and Richard Doe<br><br>Defendants | Civil No.:<br><br><br>RE:<br><br>RETALIATION<br>BREACH OF CONTRACT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, **Oscar Reyes Maldonado**, through his undersigned counsel, and respectfully states, alleges and prays:

## I.  THE PARTIES

1.1    Plaintiff, Dr. Oscar Reyes Maldonado is of legal age, single, medical doctor with residence and domicile at 631 Paseo Los Corales I, Dorado, Puerto Rico.

1.2    The defendant, LifeSpan Edge Corp, d/b/a LifeSpan Edge, is, upon information and belief, a corporation duly organized under the laws of the the State of Wyoming, with its principal office located at 4760 Preston Road, Ste 244-299, Frisco TX 75034.  Defendant is

engaged in providing Therapeutic Plasma Exchange.  Mr. John Mauldin is its President and Co-Founder.

1.3     John Doe and Richard Doe are so designated because their names are presently unknown, are included to represent persons and/or entities whose name and identities are presently unknown and that are responsible for the damages alleged in this Complaint.

1.4     The citizenship of the plaintiff is completely diverse to the citizenship of each of the co-defendants.

## II. NATURE OF THE ACTION JURISDICTION AND VENUE

2.1     This is an action to recover personal damages, which the defendants inflicted upon the plaintiff as a result of their acts and/or omissions.

2.2     This Honorable Court has jurisdiction over the parties and the subject matter of this litigation under and pursuant to Section 1332 of Title 28 of the United States Code, 28 U.S.C. §1332, inasmuch as there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy, exclusive of costs and interest, exceeds the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00)

2.3     Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

2.4     Plaintiffs request a jury trial for all issues so triable.

## III.  FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1     On or about June 2, 2025, LifeSpan and Dr. Reyes entered into an employment agreement under which, in summary, Dr. Reyes was hired to serve as medical director and physician at LifeSpan new offices at Dorado Puerto Rico. As part of his duties, Dr. Reyes was

responsible for supervising and administering therapeutic plasma exchange (TPE), evaluating patients before and after treatments, conducting research, assisting in the development and implementation of clinical procedures and policies, as well as recruiting and training clinical staff.

3.2    Pursuant to the agreement, his compensation was set at $350,000.00 annually. Additionally, Dr. Reyes Maldonado was to receive further compensation based on the clinic's net profits.  As part of the benefits package, Dr. Reyes was to receive health insurance (including dental and vision coverage), 20 days of paid leave (in addition to holidays), $2,500.00 annually for continuing education, a retirement plan, and medical malpractice insurance.

3.3    After beginning his duties, Mr. John Mouldin requested that Dr. Reyes Maldonado begin calling various clinics and physicians to solicit referrals for the LifeSpan clinic ("soliciting"). He was also asked to begin promoting the clinic in his personal capacity. "Soliciting" is not only contrary to the ethical regulations governing the medical profession in Puerto Rico, but it is also illegal under both federal and state law. For these reasons, Dr. Reyes stated that he could not participate in such practices. This constitutes a "protected activity".

3.4    Following Dr. Reyes refusal to engage in the requested "soliciting," Mouldin informed him that physicians who work for him are required to do so. As a result of incurring on a protected activity, Dr. Reyes Maldonado stopped receiving his compensation and was terminated from his employment in August 2025.

3.5    The employer's actions constitute a clear act of retaliation for opposing a request to engage in illegal and unethical conduct. Furthermore, they constitute a material breach of the employment agreement executed between the parties.

3.6    In accordance with the agreement, LifeSpan owes Dr. Reyes Maldonado unpaid wages for the months of June and July of 2025 (which were paid below the agreed amount) and for the month of August, which was not paid at all. Likewise, the employer owes Dr. Reyes Maldonado compensation equivalent to three months' salary, as well as payment for an additional month of salary pursuant to Clause 3.4 of the agreement, which provides for 30 additional days of employment following notice of termination. Finally, under the employment agreement, Dr. Reyes Maldonado is owed accrued and unused leave, plus any applicable legal penalties on all of the aforementioned wage items.

3.7    After Dr. Reyes' termination, LifeSpan continued to use Dr. Reyes license and credentials without authorization in order to purchase medications. This, together with the request to engage in "soliciting," constitutes wholly illegal conduct.

3.8    The total unpaid wages and compensation amount to $171,453.00, and with applicable penalties, this amount rises to $342,906.00. Additionally, Dr. Reyes Maldonado has suffered damages and emotional distress estimated at no less than $150,000.00. Applying the corresponding penalty, this amount rises to $300,000.00.

3.9    Furthermore, LifeSpan owes Dr. Reyes the applicable back and front pay at a rate of $350,000.00 per year in addition to the equivalent dollar amount of his benefits.

3.10    Attorney's fees are to be satisfied by LifeSpan at the applicable legal rate.

**WHEREFORE**, plaintiff respectfully request that this Honorable Court enter Judgment for the plaintiff granting him the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11 day of May 2026.

*S/ Juan R. Dávila Díaz*
**JUAN R. DÁVILA DÍAZ (15924)**
**USDC-PR 224209**
Capital Center Building I – PHI
Ste 1201
239 Arterial Hostos
Hato Rey PR 00918
TEL. (787) 525-7417 / FAX: 787-756-5250
davilajuanr@yahoo.com
